**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**PAUL LAWRENCE BARNETT,**

> **Plaintiff,**

> **v.**                                                  **CASE NO. 18-3220-SAC**

**DAN SCHNURR,**
**et al.,**

> **Defendants.**


**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Paul Lawrence Barnett brings this *pro se* civil rights action under 42 U.S.C.

§ 1983. Although Plaintiff is currently housed at the El Dorado Correctional Facility in El Dorado,

Kansas ("EDCF"), the events giving rise to his Complaint occurred during his confinement at the

Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). For the reasons discussed

below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Plaintiff alleges that while housed at HCF he was not protected from inmate gang members

who "ordered a hit" on him. He claims that although he was placed in protective custody, these

inmates were still poisoning his food and making him sick. Plaintiff's request for relief seeks

transfer to safer conditions.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Exhaustion

Plaintiff did not answer the question on his Complaint inquiring as to whether or not he has sought administrative relief. (Doc. 1, at 5.) Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 200) (citations omitted). This exhaustion

requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). An "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the court finds that Plaintiff's Complaint is subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action.

### B. Mootness of Request for Injunctive Relief

Plaintiff's only request for relief is to be moved to safer conditions. Since the filing of his Complaint, Plaintiff was transferred from HCF to EDCF. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite

to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Plaintiff was transferred from the HCF after he filed his Complaint. *See* Doc. 4 (Notice of Change of Address). Because Plaintiff seeks injunctive relief only, and the specific relief relates solely to the alleged deprivations at HCF, the penal institution where the alleged violations occurred but at which he is no longer incarcerated, the Court would be unable to provide Plaintiff with effective relief. Therefore, Plaintiff's § 1983 claims seeking equitable relief against staff at HCF are moot.

Issues that are "capable of repetition yet evading review," are an exception to the mootness doctrine. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted). In this case, the issues are not capable of being repeated as Plaintiff is no longer in the custody of the HCF. To the

extent Plaintiff seeks injunctive relief, his claims are moot and should be dismissed under 28 U.S.C. § 1915A(b) because Plaintiff cannot state a plausible claim for relief.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons set forth herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 26, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of October, 2018.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**